**FOSTER CO., Inc.**
v.
**UNITED STATES.**
No. 50445.

United States Court of Claims.
May 4, 1954.

Carl J. Batter, Washington, D. C., for plaintiff. John James Bernard, Washington, D. C., was on the brief.

John F. Wolf, Washington, D. C., with whom was Warren E. Burger, Asst. Atty. Gen., for defendant.

Before JONES, Chief Judge, and LITTLETON, WHITAKER and MADDEN, Judges.

MADDEN, Judge.

The plaintiff had eight contracts to sell mail sacks to the Government, four being made in 1948 and four in 1949. Each contract contained the provision "Discount 1%—10 days." The contracts provided that the discount period should begin to run from the date of final inspection and acceptance, or from the date of receipt of a correct bill or voucher properly certified by the contractor, whichever date was later. There is no controversy as to when the discount periods began to run.

As successive deliveries were made under the contracts, and bills or vouchers were submitted by the plaintiff, the Government issued checks for the contract price minus the 1% discount. As to the payments involved in this litigation, in all but four cases the checks were issued, that is, written and dated, at Washington, D. C., within the ten day period, but were not received by the plaintiff in New Orleans within that period. The plaintiff did not protest the deductions of the discounts until after the completion of performance of all the contracts. It then protested the deductions and asked that it be paid the amounts deducted as discounts in all cases in which it had not received the checks within the discount period.

The Government considered the plaintiff's request, and paid the plaintiff $27,295.81 on account of discounts taken in cases where the checks had not even been issued within the ten day period. But it refused to pay the plaintiff in the cases where the checks had been issued within 10 days, and, apparently by inadvertence, also refused to pay the plaintiff discounts taken in four cases where the checks had not been so issued. The present suit is for the amounts so claimed by the plaintiff and refused by the Government.

The provision "Discount 1%—10 days" meant that the discount was allowable if payment was made within 10 days. We do not decide whether putting the checks in the mails at such times as would, in the ordinary course of the mails, have brought them to the plaintiff within the ten day period would have entitled the Government to the discounts. The plaintiff's Bill of Particulars shows that the checks were received, none in less than thirteen days, and in most cases, in fifteen or more days after the beginning of the discount period. The Government makes no statement as to when the checks were mailed.

■■ In these circumstances, a party to a private agreement containing a discount provision would not be entitled to the discount. We are not willing to make a special rule for the Government, as contractor and as litigant, which would set it apart from its citizens in this regard. If it is not practicable for it to send its payments so that, in the regular course of the mail, they will reach its creditors within ten days, it must stipulate in its contracts for a longer discount period.

■ The plaintiff's acceptance of the long succession of late payments suggests, of course, a waiver by it of prompt payment which might have lulled the Government into delaying payments and losing discounts which it might have taken if the plaintiff had protested earlier. Whether the loss of a discount is the equivalent of a forfeiture, to which the doctrine of waiver is applicable, we do not decide, for it is apparent that it was not the failure of the plaintiff to protest, but carelessness or misjudgment which

caused the late payments. The Government deducted $27,295.81 as discounts for payments which no one could really have thought to be within the discount period. It apparently paid when it got around to paying, and arbitrarily deducted the discounts. The doctrine of waiver does not fit this case.

The plaintiff's motion for summary judgment is granted. It may have a judgment for $16,542.74.

It is so ordered.

JONES, Chief Judge, and WHITAKER, Judge, concur.

LITTLETON, Judge, dissents.